1  Amy B. Vandeveld, SBN 137904
   LAW OFFICES OF AMY B. VANDEVELD
2  1850 Fifth Avenue, Suite 22
   San Diego, California  92101
3  Telephone:  (619) 231-8883
   Facsimile:  (619) 231-8329
4
   Attorney for Plaintiff
5

FILED

2008 AUG 28  AM 9: 34

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

6

7

8              IN THE UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10 KAREL SPIKES,                    Case No.: '08 CV 1576 H LSP

11          Plaintiff,
                                    CIVIL COMPLAINT
12 vs.

13 TATE AUTO, INC. dba PERFORMANCE   DEMAND FOR JURY TRIAL
   SPECIALTIES; ERNEST TATE; MARCY TATE  [F.R.C.P. §38(b);
14 and DOES 1 THROUGH 10, Inclusive,  Local Rule 38.1]

15          Defendants.

16

17      Plaintiff, KAREL SPIKES (hereinafter referred to as

18 "Plaintiff"), file this cause of action against Defendants TATE

19 AUTO, INC. dba PERFORMANCE SPECIALTIES(hereinafter "PERFORMANCE

20 SPECIALTIES"), ERNEST TATE, MARCY  TATE and DOES 1 THROUGH 10,

21 Inclusive, and would show unto the Court the following:

22                              I.

23                   JURISDICTION AND VENUE

24      1.   This Court has original jurisdiction of this civil

25 action pursuant to 28 USC §1331, 28 USC §§1343(a)(3) and

26 1343(a)(4) for claims arising under the Americans with

27 Disabilities Act of 1990, 42 USC §12101 et seq. and the Court's

28 supplemental jurisdiction, 28 USC §1367.

1     2.    Venue in this Court is proper pursuant to 28 USC

2  §§1391(b) and (c).

3     3.    Pursuant to 28 USC §1367(a), Plaintiff shall assert

4  all causes of action based on state law, as plead in this

5  complaint, under the supplemental jurisdiction of the federal

6  court.  All the causes of action based on federal law and those

7  based on state law, as herein stated, arose from a common nuclei

8  of operative fact.  That is, Plaintiff was denied equal access

9  to Defendants' facilities, goods, and/or services in violation

10  of both federal and state laws and/or was injured due to

11  violations of federal and state access laws.  The state actions

12  of Plaintiff are so related to the federal actions that they

13  form part of the same case or controversy.  The actions would

14  ordinarily be expected to be tried in one judicial proceeding.

15                              II.

16                          **THE PARTIES**

17     4.    Defendant PERFORMANCE SPECIALTIES is, and at all times

18  mentioned herein was, a business or corporation or franchise

19  organized and existing and/or doing business under the laws of

20  the State of California.  PERFORMANCE SPECIALTIES is located at

21  845 Grand Avenue, Spring Valley, CA (hereinafter "the subject

22  property".)  Plaintiff is informed and believes and thereon

23  alleges that Defendant PERFORMANCE SPECIALTIES is, and at all

24  times mentioned herein was, the owner, lessor or lessee of the

25  subject property and/or the owner and/or operator of the public

26  accommodation located at the subject property.

27     5.    Defendant ERNEST TATE is, and at all times mentioned

28  herein was, an individual residing in and/or doing business under

5.   Defendant ERNEST TATE is, and at all times mentioned herein was, an individual residing in and/or doing business under the laws of the State of California.  Plaintiff is informed and believes and thereon alleges that Defendant ERNEST TATE is, and at all times mentioned herein was, the owner, lessor or lessee of the subject property.

6.   Defendant MARCY TATE is, and at all times mentioned herein was, an individual residing in and/or doing business under the laws of the State of California.  Plaintiff is informed and believes and thereon alleges that Defendant MARCY TATE is, and at all times mentioned herein was, the owner, lessor or lessee of the subject property.

7.   Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, representing partners, subsidiaries, parent companies, joint venturers and/or divisions of the remaining Defendants and were acting within the course and scope of that relationship.  Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein of each of the remaining Defendants.

8.   Plaintiff is an otherwise qualified disabled individual as provided in the Americans with Disabilities Act of 1990, 42 USC §12102, Part 5.5 of the California Health & Safety Code and the California Unruh Civil Rights Act, §§51, et seq., 52, et seq., the California Disabled Persons Act, §§54,

1  et seq., and other statutory measures which refer to the

2  protection of the rights of "physically disabled persons."

3  Plaintiff visited the public accommodation owned and/or

4  operated by Defendants and/or located at the subject property

5  for the purpose of availing himself of the goods, services,

6  facilities, privileges, advantages, or accommodations operated

7  and/or owned by Defendants and/or located on the subject

8  property.

9      9.    Plaintiff is informed and believes and thereon alleges

10  that the subject facility has been newly constructed and/or

11  underwent remodeling, repairs, or alterations since 1971, and

12  that Defendants have failed to comply with California access

13  standards which applied at the time of each such new

14  construction and/or alteration.

15                              **III.**

16                             **FACTS**

17     10.   Plaintiff has a mobility impairment and uses a

18  wheelchair.  Moreover, he has had a history of or has been

19  classified as having a physical impairment, as required by 42

20  USC §12102(2)(A).

21     11.   On or about August 15, 2007, July 1, 2008 and

22  continuing through the present date, Plaintiff was denied full

23  and equal access to the facilities owned and/or operated by the

24  Defendants because the facility and/or subject property were

25  inaccessible to members of the disabled community who use

26  wheelchairs for mobility.  Plaintiff was denied full and equal

27  access to portions of the property because of barriers which

28  included, but are not limited to, inaccessible cashier counter,

1  inaccessible restroom facilities and lack of accessible parking
2  space, as well as lack of signage for said space.   Plaintiff
3  was also denied full and equal access because of discriminatory
4  policies and practices regarding accommodating people with
5  disabilities.   Plaintiff filed this lawsuit to compel
6  compliance with access laws and regulations.
7        12.   As a result of Defendants' failure to remove
8  architectural barriers, Plaintiff suffered injuries.   People
9  with disabilities, because of the existing barriers, are denied
10  full and equal access to the Defendants' facilities.   The ADA
11  has been in effect for more than 16 years.   Given the vast
12  availability of information about ADA obligations, including
13  FREE documents which are available from the U.S. Department of
14  Justice by calling (800) 514-0301 or at the following web
15  sites: **www.sba.gov/ada/smbusgd.pdf**, **www.ada.gov/taxpack.pdf** and
16  **www.usdoj.gov/crt/ada**, the failure of Defendants to comply with
17  their barrier removal obligations is contemptible.
18        13.   Plaintiff is an otherwise qualified individual as
19  provided in the Americans with Disabilities Act or 1990, 42 USC
20  §12102, the Rehabilitation Act of 1973, Section 504 (as amended
21  29 USC §794) and the California Unruh Civil Rights Act, Civil
22  Code §§51, 52, 54.1, and 54.3, and other statutory measures
23  which refer to the protection of the rights of "physically
24  disabled persons."   Plaintiff visited the public facilities
25  owned and operated by Defendants for the purpose of availing
26  himself of the goods and services offered and provided by
27  Defendants and/or for the purpose of obtaining removal of
28

1  architectural barriers and/or modification of policies,
2  practices and procedures to provide accessibility to people
3  with disabilities.  Plaintiff was injured in fact, as set forth
4  more specifically herein.

5      14.  Plaintiff alleges that Defendants will continue to
6  operate public accommodations which are inaccessible to him and
7  to other individuals with disabilities.  Pursuant to 42 USC
8  §12188(a), Defendants are required to remove architectural
9  barriers to their existing facilities.

10     15.  Plaintiff has no adequate remedy at law for the
11 injuries currently being suffered in that money damages will
12 not adequately compensate Plaintiff for the amount of harm
13 suffered as a result of exclusion from participation in the
14 economic and social life of this state.

15     16.  Plaintiff believes that architectural barriers
16 precluding Plaintiff full and equal access of the public
17 accommodation will continue to exist at Plaintiff's future
18 visits, which will result in future discrimination of
19 Plaintiff, in violation of the Americans with Disabilities Act.
20 Plaintiff is currently being subjected to discrimination
21 because Plaintiff cannot make use of and obtain full and equal
22 access to the facilities, goods and/or services offered by
23 Defendants to the general public.  Plaintiff seeks damages for
24 each offense relating to each of Plaintiff's visits to the
25 subject property when Plaintiff was denied full and equal
26 access to the subject property or was deterred from attempting
27 to avail himself of the benefits, goods, services, privileges
28 and advantages of the place of public accommodation at the

1  subject property because of continuing barriers to full and

2  equal access.

3                              **IV.**

4                        **FIRST CLAIM FOR**

   **VIOLATION OF AMERICAN WITH DISABILITIES ACT**

5                    **42 USC §12101, et seq.**

6      17.  Plaintiff re-alleges and incorporates by reference

7  each and every allegation contained in paragraphs 1 through 16,

8  inclusive, as though set forth fully herein.

9      18.  Plaintiff was denied full and equal access to

10  Defendants' goods, services, facilities, privileges,

11  advantages, or accommodations within a public accommodation

12  owned, leased and/or operated by Defendants, in violation of 42

13  USC §12182(a).  Plaintiff was, therefore, subjected to

14  discrimination and is entitled to injunctive relief pursuant to

15  42 USC §12188 as a result of the actions or inaction of

16  Defendants.

17     19.  Among other remedies, Plaintiff seeks an injunctive

18  order requiring compliance with state and federal access laws

19  for all access violations which exist at the property,

20  requiring removal of architectural barriers and other relief as

21  the court may deem proper.  Plaintiff also seeks any other

22  order that will redress the discrimination to which he has been

23  subjected, is being subjected and/or will be subjected.

24                              **V.**

25                        **SECOND CLAIM FOR**

   **VIOLATION OF CALIFORNIA CIVIL CODE**

26

27     20.  Plaintiff re-alleges and incorporates by reference

28  each and every allegation contained in paragraphs 1 through 19,

1  inclusive, as though set forth fully herein.

2      21.  Based on the facts plead hereinabove and elsewhere in
3  this complaint, Defendants did, and continue to, discriminate
4  against Plaintiff and persons similarly situated by denying
5  disabled persons full and equal access to and enjoyment of the
6  subject facilities and of Defendants' goods, services,
7  facilities, privileges, advantages or accommodations within a
8  public accommodation, in violation of California Civil Code
9  §§51, et seq., 52, et seq., and 54, et seq.

10      22.  Defendants' actions constitute a violation of
11  Plaintiff's rights under California Civil Code §§51, et seq.,
12  52, et seq., and 54, et seq. and therefore Plaintiff is
13  entitled to injunctive relief remedying all such violations of
14  California access laws and standards.  In addition, Plaintiff
15  is entitled to damages under California Civil Code §54.3 for
16  each offense.  The amount of damages suffered by Plaintiff is
17  not yet determined.  When the amount is ascertained, Plaintiff
18  will ask the Court for leave to amend this complaint to reflect
19  this amount.  Plaintiff is also entitled to and requests
20  attorneys' fees and costs.

21      23.  The actions of Defendants were and are in violation of
22  the Unruh Civil Rights Act, California Civil Code §§51, et seq.
23  and therefore Plaintiff is entitled to injunctive relief
24  remedying all such violations of California access laws and
25  standards.  In addition, Plaintiff is entitled to damages under
26  California Civil Code §52 for each offense.  The amount of
27  damages suffered by Plaintiff is not yet determined.  When the
28  amount is ascertained, Plaintiff will ask the Court for leave

1  to amend this complaint to reflect this amount.

2      24.  Plaintiff seeks all of the relief available to him

3  under Civil Code §§51, 52 et seq., 54, 54.1, 54.2, 54.3, and

4  any other Civil Code Sections which provide relief for the

5  discrimination suffered by Plaintiff, including damages and

6  attorneys fees.

7                              **VI.**

8                      **THIRD CLAIM FOR**
                   **VIOLATION OF HEALTH AND**
9                  **SAFETY CODE §19950, ET SEQ.**

10     25.  Plaintiff re-alleges and incorporates by reference

11 each and every allegation contained in paragraphs 1 through 24,

12 inclusive, as though set forth fully herein.

13     26.  Defendants' facilities are public accommodations

14 within the meaning of Health and Safety Code §19950, et seq.,

15 and Plaintiff is informed and believes and thereon alleges that

16 Defendants have newly built or altered the subject property

17 and/or the subject facility since 1971 within the meaning of

18 California Health and Safety Code §19959.  The aforementioned

19 acts and omissions of Defendants constitute a denial of equal

20 access to the use and enjoyment of the Defendants' facilities

21 by people with disabilities.

22     27.  Defendants' failure to fulfill their duties to provide

23 full and equal access to their facilities by people with

24 disabilities has caused Plaintiff to suffer deprivation of

25 Plaintiff's civil rights, as well as other injuries.

26     28.  As a result of Defendants' violations of Health and

27 Safety Code §§19955, et seq., described herein, Plaintiff is

28 entitled to and requests injunctive relief pursuant to Health

1  and Safety Code §§19953, and to reasonable attorney's fees and

2  costs.

### VII.

### FOURTH CLAIM FOR DECLARATORY RELIEF

5      29.  Plaintiff re-alleges and incorporates by reference

6  each and every allegation contained in paragraphs 1 through 28,

7  inclusive, as though set forth fully herein.

8      30.  An actual controversy now exists in that Plaintiff is

9  informed and believes and thereon alleges that Defendants'

10 premises are in violation of the disabled access laws of the

11 State of California including, but not limited to, Civil Code

12 §§51, et seq., §§52, et seq., §§54, et seq., Health and Safety

13 Code §§19950, et seq., Government Code §§4450, et seq. and

14 7250, et seq., Title 24 of the California Code of Regulations,

15 and/or Title III of the Americans with Disabilities Act and its

16 implementing Accessibility Regulations.

17     31.  A declaratory judgment is necessary and appropriate at

18 this time so that each of the parties may know their respective

19 rights and duties and act accordingly.

### VIII.

### FIFTH CLAIM FOR INJUNCTIVE RELIEF

22     32.  Plaintiff re-alleges and incorporates by reference

23 each and every allegation contained in paragraphs 1 through 31,

24 inclusive, as though set forth fully herein.

25     33.  Plaintiff will suffer irreparable harm unless

26 Defendants are ordered to remove architectural barriers at

27 Defendants' public accommodation, and/or to modify their

28 policies and practices regarding accommodating people with

1     34.  Plaintiff seeks injunctive relief to redress

2 Plaintiff's injuries.

3                              **IX.**

4                          <u>**JURY DEMAND**</u>

5     35.  Pursuant to Rule 38 of the Federal Rules of Civil

6 Procedure, Plaintiffs hereby request a jury trial.

7     WHEREFORE, Plaintiff prays for judgment against the

8 Defendants, PERFORMANCE SPECIALTIES, ERNEST TATE, MARCY  TATE

9 and DOES 1 through 10, as follows:

10     1.    For injunctive relief, compelling Defendants to comply

11           with the Americans with Disabilities Act, the Unruh

12           Civil Rights Act and the Disabled Persons Act. Note:

13           the plaintiff is not invoking section 55 of the

14           California Civil Code and is not seeking injunctive

15           relief under that section;

16     2.    That the Court declare the respective rights and

17           duties of Plaintiff and Defendants as to the removal

18           of architectural barriers at Defendants' public

19           accommodations;

20     3.    An order awarding Plaintiff actual, special and/or

21           statutory damages for violation of his civil rights

22           and for restitution including, but not limited to,

23           damages pursuant to the applicable Civil Code Sections

24           including, but not limited to, §§52 and 54.3 for each

25           and every offense of Civil Code §§51 and 54;

26     4.    An award of compensatory damages according to proof;

27     5.    An award of up to three times the amount of

28           actual damages pursuant to the Unruh Civil

                              11

5. An award of up to three times the amount of actual damages pursuant to the Unruh Civil Rights Act and the Disabled Persons Act; and

6. An order awarding Plaintiff reasonable attorneys' fees and costs;

7. Such other and further relief as the Court deems proper.

DATED: 8/24/08                    LAW OFFICES OF AMY B. VANDEVELD


                                 _____
                                 AMY B. VANDEVELD,
                                 Attorney for Plaintiff

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**DEFENDANTS** TATE AUTO, INC. dba PERFORMANCE SPECIALTIES; ERNEST TATE; MARCY TATE; DOES 1 THROUGH 10, inclusive,

**FILED**

2008 AUG 28 AM 9: 34

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT San Diego
(IN U.S. PLAINTIFF CASES ONLY)

BY _____ DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Amy B. Vandeveld, Esq.
LAW OFFICES OF AMY B. VANDEVELD
1850 Fifth Avenue, Suite 22
San Diego, CA 92101   (619) 231-8883

**ATTORNEYS (IF KNOWN)**

**'08 CV 1576 H LSP**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- 1 U.S. Government Plaintiff
- XX 3 Federal Question
  (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

42 U.S.C. Sections 12101-12111, 11281-12184 and 12201 et. seq.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reappointment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Medical Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 630 Liquor Laws | 820 Copyrights | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability | 368 Asbestos Personal Injury Product Liability | 640 RR & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 650 Airline Regs | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | **SOCIAL SECURITY** | 810 Selective Service |
| 153 Recovery of Overpayment of Veterans Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | 861 HIA (1395ff) | 850 Securities/Commodities Exchange |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | **LABOR** | 862 Black Lung (923) | 875 Customer Challenge 12 USC |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus | 740 Railway Labor Act | **FEDERAL TAX SUITS** | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Tort to Land | 444 Welfare | 535 Death Penalty | | | 950 Constitutionality of State |
| 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other | | | 890 Other Statutory Actions |
| 290 All Other Real Property | | 550 Civil Rights | | | |
| | | 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

- XX 1 Original Proceeding
- 2 Removal from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $ To be determined at trial

JURY DEMAND: YES NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

DATE 8/22/08

SIGNATURE OF ATTORNEY OF RECORD _____

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

#154498    $350

8/28/08

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 154498     — TC**

**August 28, 2008
09:37:17**

**Civ Fil Non-Pris**
USAO #.: 08CV1576
Judge..: MARILYN L HUFF
Amount.:                    $350.00 CK
Check#.: PC3447

**Total—> $350.00**

FROM: KAREL SPIKES
      VS
      TATE AUTO